FILED
2009 Jun-23  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**FEV, INC.**

      **Plaintiff,**

v.                                                                      CV 08-PT-2210-E

**CLIFTON RYAN BONDS**

      **Defendant.**

## FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

This cause came on to be heard on June 22, 2009 on the issue of enforcing a settlement agreement entered into in open court on December 3, 2008.

There were only two witnesses at the hearing, the plaintiff and Christine Jenkin. The defendant did not call any witnesses to refute any testimony of the witnesses.[1]

The essence of the settlement agreement was that the defendant would return certain properties of the plaintiff, after which the plaintiff would "promptly pay any and all documented expense reports for business expenses that are submitted to me directly in an expeditious fashion."[2]

The defendant has testified that he has returned all items that he agreed to return. There

---

[1] The defendant testified that at some point after February 2008, the plaintiff ceased to reimburse any expenses. This evidence was not rebutted. The plaintiff has, somewhat arbitrarily, agreed to pay $957.44 plus $25.20 mailing costs.

[2] There is no definition of "documented" in the agreement. At another place, it is stated, "That I will, upon presentation of a valid expense report from you for any expenses that are supporting the documentation (sic), that I will expedite the payment of that. And that was part of our agreement, FEV will pay any and all valid expense reports that you submit." The court concludes that some supporting documents were called for. However, some notes of the defendant are sufficient documents.

has been no rebuttal testimony. The court concludes that the defendant has complied with that portion of the bargain. The issue is what amount is the defendant entitled to recover based upon documented vouchers. Questions related to that issue can be gleaned only from PX-1.

The court starts with the conclusion that the mileage amounts could not be reasonably required to be further "documented"[3] Those amounts are as follows:

```
$23.74 (5-13-08)
$22.73 (5-19-08)
$23.40 (5-22-08
$18.00 (5-24-08)
$53.03 (4-28-08)
$23.74 (4-29-08)
$55.05 (4-30-08)
$56.06 (5-1-08)
$121.20 (5-2-08)
$27.78 (5-5-08)
$32.83 (5-6-08)
$54.54 (5-7-08)
$37.88 (4-14-08)
$34.34 (4-15-08)
$60.60 (4-16-08)
$27.78 (4-18-08)
$34.34 (4-22-08)
$30.30 (4-23-08)
$42.93 (4-24-08)
$16.20 (4-26-08)
$58.08 (3-31-08)
$22.73 (4-2-08)
$26.26 (4-4-08)
$25.25 (4-6-08)
$32.83 (4-7-08)
$23.40 (4-10-08)
$16.20 (4-11-08)
$19.80 (4-12-08)
```

Total Mileage $1,021.02

---

[3]There has been no contrary evidence.

Other claims which appear to be "documented" are:

$63.50 (4-3-08)
$27.82 (4-4-08)
$50.82 (4-2-08)
$63.52 (4-12-08)
$30.80 (4-11-08)
$78.89 (? 2008)
$12.17 (April 2008)
$85.87 (4-22-08)
$79.00 (?)
$46.27 (4-26-08)
$31.27 (4-29-09)
$308.83 (4-30-08)
$72.50 (4-16-08)
$748.44 (5-2-08)
$209.00 (5-10-08)
$59.30 (5-6-08)
$29.68 (?)
$60.35 (5-24-08)
$63.23 (?)
$32.39 (5-22-08)
$56.12 (?)
$43.78 (5-7-08)
$53.30 (4-18-08)
$140.32 (?)

Total $2,447.17

Mileage: $1,021.02
Other:    2,447.17
Mail:        25.20
Total:    $3,493.39

A judgment for $3,493.39 will be entered in favor of the defendant.

**THIS** the 23rd day of June, 2009.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**

4

4